UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS EPPERSON, JR. | ) | 1:09-CV-01991 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| JAMES D. HARTLEY, Warden, | ) | |
| | ) | ORDER DECLINING ISSUANCE OF |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 13, 2009, Petitioner filed the instant petition for writ of habeas corpus. He consented to exercise of Magistrate Judge jurisdiction on November 20, 2009. (Court Docs. 1, 3.) Petitioner's claims arise out of a California Department of Corrections decision to deny petitioner visitation privileges with his ex-wife. (Id. at 5.)

///
///
///
///

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

Petitioner challenges a California Department of Corrections decision to deny him visitation privileges with his ex-wife. (Court. Doc. 1, p. 5.) A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the very fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 500). A § 1983 action is the proper remedy for a state prisoner to constitutionally challenge the *conditions* of his prison life, rather than the fact or length of his custody. Ramirez, 334 F.3d at 855 (quoting Preiser, 411 U.S. at 499). In the present case, Petitioner is not challenging the fact or duration of his

confinement. His challenge to visitation rights is a challenge to a condition of confinement. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460-461, 109 S. Ct. 1904, 36 L. Ed. 2d 506 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated in a prison sentence, and therefore is not independently protected by the Due Process Clause." (citation omitted.)).  Such challenges are cognizable in a civil rights action rather than a habeas corpus action. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

C.  Conclusion

Petitioner is not entitled to habeas corpus relief. His petition must be dismissed. If he wishes to pursue the claims raised here, he should do so by way of a civil rights complaint.

D.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 14, 2010              /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE